```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

------------------------------x
                              :
VALENTINE BUCKNOR,            :
                              :
     Plaintiff,               :
                              :
v.                            :      Civil No. 3:03CV01003(AWT)
                              :
C&S WHOLESALE GROCERS, INC.,  :
                              :
     Defendant.               :
                              :
------------------------------x
```

**ENDORSEMENT ORDER**

    The defendant's Motion to Dismiss (Doc. No. 11) is hereby GRANTED for the reasons set forth below. The plaintiff's Title VII claim, Age Discrimination and Employment Act claim, and Equal Pay Act claim are hereby dismissed. The plaintiff's sole remaining claims are the disability discrimination claims under (1) the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and (2) Conn. Gen. Stat. § 46a-60(a)(1).

    As noted by the defendant in its memorandum in support of the motion to dismiss ("Def.'s Mem.") (Doc. No. 12), the plaintiff failed to exhaust his administrative remedies with respect to any claims under Title VII and the ADEA. (See Def.'s Mem. at 2-3.) In addition, the court agrees with the defendant's argument that the plaintiff failed to plead the elements of a prima facie case of age discrimination. (See Def.'s Mem. at 3-4.) Finally, assuming the plaintiff seeks to bring an Equal Pay Act claim, that claim should be dismissed because he has failed to plead the elements of such a claim for the reason set forth by the defendants. (See Def.'s Mem.

at 5.)

The court notes that the plaintiff contends, in his opposition to the motion to dismiss, that he is only required to set forth a short and plain statement of each claim. (See Doc. No. 13.) However, the plaintiff does not address the dispositive arguments made by the defendant in support of the motion to dismiss. In deference to the plaintiff's pro se status, the plaintiff is being granted leave to file, within thirty days, a motion for leave to amend his complaint, which motion must be accompanied by a proposed amended complaint that satisfactorily addresses the deficiencies in his original complaint that were identified in the defendant's motion to dismiss.

The court granted the defendant's motion for appointment of counsel in June of 2003. However, to date the court has been unable to obtain counsel for the plaintiff, and it appears that the court will not be able to arrange for the appointment of counsel for the plaintiff. Accordingly, the plaintiff will be required to proceed pro se in this case. The court will refer the case for a status conference at which the parties shall review the case management plan.

It is so ordered.

Dated this 25th day of February, 2004, at Hartford, Connecticut.

                                                   /s/
                                         Alvin W. Thompson
                                United States District Judge