FILED

2004 MAR 17 P 12: 09

U.S. DISTRICT COURT
HARTFORD, CT.

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

VALENTINE BUCKNOR,                          :        CIVIL NO.
                                                     3:03-CV-01003 (AWT)
      Plaintiff                        :

VS.                                         :
                                            :
                                            :
C & S WHOLESALE GROCERS, INC.               :
      Defendant                        :        MARCH 15, 2004

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

## I. BACKGROUND

Pursuant to the Court's order dated February 25, 2004, and Rule 15 of the Federal Rules of Civil Procedure, the Plaintiff has moved for leave of court to amend his complaint, in accordance with the proposed amended complaint submitted herewith.

The purpose of the amendment is to address the issues raised in the Court's order of February 25, 2004 and also to set forth statutory claims under 42 U.S.C. Section 1981 and Conn. Gen. Stat. Section 31-290a, and to further clarify the allegations of the complaint (e.g, discrimination based on "perceived disability," which falls under the definition of a disability in the ADA).

The amendment does not seek to re-plead claims under the Equal Pay Act or

LAW OFFICES OF KEN FRIEDMAN, LLC
2389 MAIN STREET • GLASTONBURY, CT 06033 • PHONE: (860) 659-6557 • FAX: (860) 659-1625
JURIS NO. 421704

Age Discrimination in Employment Act, but rather only addresses those claims which are related to the Plaintiff's injuries / physical disability and race claims.

## II. LEGAL ARGUMENT

### A. Race Discrimination and Retaliation Claims Under 42 U.S.C. Section 1981

Plaintiff does not dispute that he did not exhaust his administrative remedies with the CHRO or the EEOC, and therefore any race-related Title VII or CFEPA claims with respect to race discrimination are not cognizable.

However, the Plaintiff has adequately pled facts in his original complaint (as clarified in the proposed amended complaint) which set forth a valid claim for race discrimination and retaliation under 42 U.S.C. Section 1981.

42 U.S.C. Section 1981 provides, in relevant part:

(a) Statement of equal rights All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other. (b) "Make and enforce contracts" defined For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship. (c) Protection against impairment The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

It is established that Section 1981 prohibits discrimination based on race in the making and enforcement of contracts, *see Johnson v. Railway Express Agency, Inc.*,

2

421 U.S. 454, 459, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975), and extends to private as well as state actors in that regard. *See Patterson v. McLean Credit Union,* 491 U.S. 164, 172, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989); *Saint Francis College v. Al-Khazraji,* 481 U.S. 604, 609, 107 S.Ct. 2022, 95 L.Ed.2d 582 (1987); *Runyon v. McCrary,* 427 U.S. 160, 170-71, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976); *Johnson,* 421 U.S. at 459-60, 95 S.Ct. 1716. The prohibition against racial discrimination encompasses discrimination based on ancestry or ethnic characteristics. *See Al-Khazraji,* 481 U.S. at 613, 107 S.Ct. 2022; *Magana v. Northern Mariana Islands,* 107 F.3d 1436, 1446-47 (9th Cir.1997).

"We remain of the view, in light of the broad sweep of § 1981(b), that a retaliation claim may be brought under § 1981. However, to be actionable under § 1981, the retaliation must have been in response to the claimant's assertion of rights that were protected by § 1981." *Hawkins v. 1115 Legal Service Care,* 163 F.3d 684 C.A.2 (N.Y.),1998.

Unlike Title VII or CFEPA race discrimination claims, claims under 42 U.S.C. Section 1981 do not require the exhaustion of any administrative remedies.

Moreover, F.R.C.P. 15 (c) provides that:

An amendment of a pleading relates back to the date of the original pleading when the claim ...asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading.

It is clear in the instant case that the Plaintiff has alleged facts, as clarified in the

3

proposed amended complaint, which state a claim for race discrimination and/or retaliation under 42 USC Section 1981.

Therefore, Plaintiff should be allowed to amend his complaint to set forth a claim for violations of 42 U.S.C. Section 1981.

**B.**  **Retaliation Claim under Conn. Gen. Stat. Section 31-290a**

Conn. Gen. Stat. Section 31-290a provides, in pertinent part:

(a) No employer who is subject to the provisions of this chapter [Chapter 568] shall discharge, or cause to be discharged, or in any manner discriminate against any employee because the employee has filed a claim for workers' compensation benefits or otherwise exercised the rights afforded to him pursuant to the provisions of this chapter.

In the Plaintiff's complaint, he references repeatedly the fact of his disability as it relates to his work-related injuries.  He also set forth the fact that he filed a workers' compensation claim with respect to his disability and his work-related injuries. There can be no doubt that his claim for discrimination under Section 31-290a indeed relates to and arises out of the same facts which he has already set forth in his original complaint. F.R.C.P. 15(c).

Therefore, the Plaintiff should be permitted to amend his complaint to set forth a specific claim under Conn. Gen. Stat. Section 31-290a.

**III. CONCLUSION**

For the reasons set forth above, the Plaintiff respectfully requests that the Court

4

LAW OFFICES OF KEN FRIEDMAN, LLC
2389 MAIN STREET • GLASTONBURY, CT 06033 • PHONE: (860) 659-6557 • FAX: (860) 659-1625
JURIS NO. 421704

grant his motion for leave to amend his complaint, in accordance with his proposed amended complaint.

Moreover, our courts have recognized that the relaxed standard for grant of leave to amend complaint applies with particular force to *pro se* litigants, and that a *pro se* complaint is to be read liberally, and should not be dismissed without granting leave to amend at least once when such a reading gives any indication that a valid claim might be stated. See, eg, *Pangburn v. Culbertson*, 200 F.3d 65C.A.2 (N.Y.),1999. In the instant case, the Plaintiff initially filed his complaint as a *pro se* litigant, and should be permitted the opportunity to appropriately amend his complaint, now that he is represented by counsel.

PLAINTIFF

Kenneth I. Friedman
Law Offices of Ken Friedman, LLC
2389 Main Street
Glastonbury, CT 06033
860-659-6557 (phone)
860-659-1625 (fax)
kfriedman@kenfriedman.com
CT03344

5

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent via first class mail to all counsel of record, as follows, on this  day of  March, 2004: Lissa J. Paris and Derek T. Werner, Murtha Cullina, LLP, CityPlace 1 - 185 Asylum Street, Hartfford, CT 06103-3469

Kenneth I. Friedman

6