United States District Court
District of Connecticut
FILED AT HARTFORD

March 25, 2004

Kevin F. Rowe, Clerk

By: A. Montgomery
    Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VALENTINE BUCKNOR | : | CIVIL NO. |
| Plaintiff | : | 3:03-CV-01003 (AWT) |
| | : | |
| VS. | : | |
| | : | |
| C & S WHOLESALE GROCERS, INC. | : | |
| Defendant | : | MARCH 15, 2004 |

## PROPOSED AMENDED COMPLAINT

### I. INTRODUCTION

1. This is an action by Plaintiff alleging a violation by Defendant of the Americans with Disabilities Act ("ADA") (42 U.S.C. Section 12101, et seq.,), 42 U.S.C. Section 1981 and Conn. Gen. Stat. Section 31-290a. Plaintiff also seeks declaratory relief pursuant to 18 U.S.C. Section 2201.

### II. JURISDICTION AND VENUE

2. The Court has federal question and subject matter jurisdiction of this action under the Americans with Disabilities Act.. The Plaintiff timely filed a complaint of discrimination with the State of CT Commission on Human Rights & Opportunities on or about April 20, 2001, Case No. 0110406. Said Complaint was formally received by the federal Equal Employment Opportunity Commission, Boston Area Office, on July 31,

LAW OFFICES OF KEN FRIEDMAN, LLC
2389 MAIN STREET • GLASTONBURY, CT 06033 • PHONE: (860) 659-6557 • FAX: (860) 659-1625
JURIS NO. 421704

2001, EEOC Charge No. 16aa11243.

3. By letter dated April 8, 2003, Plaintiff requested a Notice of Right to Sue from the EEOC. Plaintiff received said Notice of Right to Sue on or about April 20, 2003. Plaintiff has timely commenced the present action pursuant to the 90 day period specified in said notice.

4. Plaintiff has obtained the necessary release to proceed to court on his ADA claim, and has therefore exhausted all administrative requirements necessary to the bringing of his ADA claim. Plaintiff therefore invokes the jurisdiction of this court pursuant to the ADA.

5. Plaintiff also bring a claim alleging violation of 42 U.S.C. Section 1981, for discrimination based on his race (black) and invokes the jurisdiction of the court under said Statute.

6. Moreover, the Plaintiff invokes the jurisdiction of the court pursuant to 28 U.S.C. Section 1331.

7. Additionally, Plaintiff invokes the supplemental jurisdiction of the court pursuant to 28 U.S.C. Section 1367 to hear and decide the Plaintiff's claim for violation of Conn. Gen. Stat. Section 31-290a.

8. Venue is based on 28 U.S.C. Sections 1391 (b((1) and (2), as the Defendant is a foreign corporation registered to do business in the District of Connecticut, and all of

2

responsibilities at the Defendant company that he was unable to perform the essential functions of his job in the relocated, lighter duty position.

16. Plaintiff has maintained that he was and remains capable of performing those essential functions of his job, with the reasonable accommodation of reassignment to the lighter duty position.

17. Plaintiff also maintains that he has complied with all directions from Defendant to provide documentation of a subsequently elevated lifting restriction.

18. Plaintiff claims that he was terminated on March 2, 2001, on the basis of a claim by Defendant that Plaintiff was unable to perform the essential functions of the position he had previously held prior to his reassignment, not those of his position at the time of termination.

19. Plaintiff has maintained that his termination was a discriminatory employment practice prohibited by the ADA, due to the Defendant's failure to provide a reasonable accommodation absent a showing of undue hardship and/or otherwise violates the ADA in that the Plaintiff was fired for having a back-related disability and/or because Defendant's perceived the Plaintiff as suffering from a disability.

20. Moreover, as a result of the aforementioned on-the-job injuries, including the injury of March 1, 2001, the Plaintiff exercised his rights to workers' compensation benefits under the workers' compensation statutes of the State of Connecticut.

LAW OFFICES OF KEN FRIEDMAN, LLC
2389 MAIN STREET • GLASTONBURY, CT 06033 • PHONE: (860) 659-6557 • FAX: (860) 659-1625
JURIS NO. 421704

the events or omissions giving rise to the claims herein arose in the District of Connecticut.

## III. PARTIES

9. The Plaintiff, Valentine Bucknor ("Plaintiff") is a resident of Hartford, CT..

10. The Defendant, C & S Wholesale Grocers, Inc. ("C & S") is a corporation doing business in the State of Connecticut, with a location at Windsor Locks, CT, where the Plaintiff was employed.

## IV. FACTS

11. Plaintiff was an employee of Defendant from February 7, 2000 through March 2, 2001.

12. During the course of his employment, Plaintiff was injured on the job, and was reassigned to a position with lighter duties.

13. Plaintiff meets the statutory definition and guidelines, for a qualified individual with a disability in that he is able, with or without reasonable accommodation, to perform the essential functions of his job.

14. On or about March 1, 2001, Plaintiff again injured his back and was restricted by Defendant's doctor to a ten-pound weight limitation, although he was told that he could return to work subject to the stated limitation.

15. Plaintiff denies having ever notified any person with management

3

21. Moreover, during the course of the Plaintiff's job, on December 29, 2000, while at work, he noticed one of the C & S trainers inappropriately dumping broken wood and cardboard. He asked the trainer to put the garbage in the dumpster, where it belonged. The trainer then proceeded to call the Plaintiff words to the effect of a "black nigger thieving fucker," "black fucking nigger," a "moron" and a "bitch." The trainer then approached the Plaintiff in a threatening manner, pushing himself against the Plaintiff. The trainer also stated that he could get the Plaintiff fired from his job. The Plaintiff reported this to his supervisor, who took no action to rectify this situation. In addition, upon information and belief, another employee was witness to this conduct, and also provided a report to the Defendant.

22. After the Plaintiff was terminated, he attempted to apply for short and/or long term disability benefits through the Defendant, but the Defendant neglected and refused to honor his requests for information.

23. As a result of the actions of Defendant, Plaintiff has incurred and will continue to incur damages, loss of benefits, other emoluments of employment, attorney's fees and costs.

## V. FIRST CAUSE OF ACTION: ADA

24. Based on the forgoing facts, Defendant is liable to the Plaintiff pursuant to the provisions of the Americans with Disabilities Act, in that its termination of the Plaintiff

5

was motivated by his back-related disability and/or the Defendant's perception of his having a disability. Moreover, Defendant's failure to accommodate the Plaintiff, as set forth above, constitutes a violation of the ADA.

## VI. SECOND CAUSE OF ACTION: 42 USC SECTION 1981

25. Based on the foregoing facts, the Defendant's decision to terminate the Plaintiff was based on his race, black, and/or in retaliation for his having complained about unfair treatment based on his race, in violation of 42 U.S.C. Section 1981. The actions of the Defendant were intentional.

## VII. THIRD CAUSE OF ACTION: CONN. GEN. STAT. SECTION 31-290a

26. Based on the foregoing facts, the Plaintiff's having exercised his rights to workers' compensation benefits under the laws of the State of CT was a motivating factor in the Defendant's decision to terminate the Plaintiff, in violation of Conn. Gen. Stat. Section 31-290a.

## VIII. RELIEF

Wherefore, Plaintiff claims the following relief:

a. An order declaring that the Defendant's acts and omissions described herein constitute prohibited discriminatory employment practices in violation of Plaintiff's statutory rights to equal employment opportunity for a qualified individual with a disability.

6

b. Nondiscriminatory immediate reinstatement to an appropriate position, with full back pay;

c. Injunctive relief requiring that the Defendant's agent responsible for human resource development establish, in an interactive process with Plaintiff, an individual development plan and career progression strategy, with meaningful benchmarks, that is realistically designed to facilitate (although not guarantee) career progression comparable to Plaintiff's contemporaries.

d. Injunctions enjoining the Defendant, its successors, agents, employees and all persons working in concert or participation with them, to immediately take all steps necessary to prevent and remedy employment discrimination based on disability, race and/or unlawful retaliation of the sort set forth in this complaint.

e. Monetary compensation in an amount calculated to equal the actual out-of-pocket medical expenses incurred by Plaintiff due to stress-related illness, including co-pay reimbursement for physician and prescription medication expenses.

f. Equitable relief for restoration of sick days, personal days and/or vacation time.

g. Compensatory damages for emotional pain and suffering.

h. Monetary damages to compensate the Plaintiff for all lost wages, benefits, and other emoluments of employment.

LAW OFFICES OF KEN FRIEDMAN, LLC
2389 MAIN STREET • GLASTONBURY, CT 06033 • PHONE: (860) 659-6557 • FAX: (860) 659-1625
JURIS NO. 421704

 i. Reasonable attorneys' fees and costs as may be permitted pursuant by federal or state statutes upon which Plaintiff's claims are based.

 i. Punitive damages, as may be permitted pursuant to federal or state statutes upon which the Plaintiffs' claims are based.

 k. Such other relief as my be permitted and as the Court deems just and proper.

PLAINTIFF

By: *[signature]*
Kenneth I. Friedman
Law Offices of Ken Friedman, LLC
2389 Main Street
Glastonbury, CT  06033
Telephone (860) 659-6557
Facsimile  (860) 659-1625
Federal Bar No. ct03344
Email: Kfriedman@kenfriedman.com

**A JURY TRIAL IS HEREBY DEMANDED**

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent via first class mail to all counsel of record, as follows, on this 16 day of March, 2004: Lissa J. Paris and Derek T. Werner, Murtha Cullina, LLP, CityPlace 1 - 185 Asylum Street, Hartfford, CT 06103-3469

_____
Kenneth I. Friedman

LAW OFFICES OF KEN FRIEDMAN, LLC
2389 MAIN STREET • GLASTONBURY, CT 06033 • PHONE: (860) 659-6557 • FAX: (860) 659-1625
JURIS NO. 421704